| | |
|---|---|
| MICHAEL EUGENE THRASH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GEORGE KENWORTHY, Admin., )<br>Tabor Correctional Institution, et al., )<br>)<br>Respondents. ) | **ORDER** |

Michael Eugene Thrash ("petitioner" or "Thrash"), a state inmate proceeding pro se, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On June 25, 2010, George Kenworthy and Alvin Keller ("respondents") filed a motion to dismiss the complaint as untimely [D.E. 9], and the court notified Thrash of his right to respond [D.E. 11]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On July 15, 2010, Thrash filed a motion to appoint counsel [D.E. 14]. On August 16, 2010, Thrash responded in opposition to the motion to dismiss [D.E. 15]. As explained below, respondents' motion to dismiss is granted.

I.

On July 16, 1998, in Dare County Superior Court, a jury convicted Thrash of two counts of possession with intent to sell and deliver cocaine, and two counts of sale and delivery of cocaine. The court sentenced Thrash (who is a habitual felon) to two consecutive terms of 116 to 149 months' imprisonment. Pet. ¶¶ 1–7; State v. Thrash, No. COA98-1537, slip op. at 1–2 (N.C. Ct. App. July 6, 1999) (unpublished). Thrash appealed his convictions, and the North Carolina Court of Appeals found no error. Pet. ¶ 9; Thrash, No. COA98-1537, at 3.

On September 9, 1999, petitioner filed a pro se motion for appropriate relief ("MAR") in Dare County Superior Court.[1] Mem. Supp. Mot. Dismiss, Ex. 5. On January 13, 2000, the court summarily denied Thrash's MAR. Id. Ex. 6. On March 2, 2000, Thrash filed a pro se certiorari petition in the North Carolina Court of Appeals concerning his MAR. Id. Ex. 7. On March 23, 2000, the North Carolina Court of Appeals denied the certiorari petition. Id. Ex. 9. On November 19, 2001, Thrash filed a pro se motion for reconsideration of his MAR in Dare County Superior Court, which the court denied on June 17, 2002. Id. Ex. 10.

On November 24, 2009, Thrash filed this habeas petition. Pet. at 14. Thrash alleges: (1) the trial court denied his MAR in violation of due process because the judge who denied it had presided over Thrash's trial; (2) he was improperly sentenced as a habitual felon because one of the underlying convictions was a misdemeanor; (3) he was denied effective assistance of trial counsel because his counsel was given thirteen days to prepare for trial; and (4) he was denied effective assistance of appellate counsel because his trial counsel represented him on appeal and therefore his counsel had a conflict of interest. See Pet. ¶ 12.

II.

First, the court addresses Thrash's motion to appoint counsel. Thrash asks the court to appoint counsel based on his educational level and indigency, the complexity and "potential merit" of the issues raised in his petition, and "the degree to which the interest of justice will be served by appointment of counsel." Mot. Appoint at 1–2.

---

[1] Thrash's MAR is dated September 9, 1999, but was filed on September 14, 1999. See Mem. Supp. Mot. Dismiss, Ex. 5. Giving Thrash the benefit of the mailbox rule, and construing the record in the light most favorable to Thrash, the court will consider Thrash's MAR as filed on September 9, 1999. See Houston v. Lack, 487 U.S. 266, 275–76 (1988); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam). Additionally, the court will use the mailbox rule in construing the filing date for Thrash's other pleadings.

2

No right to counsel exists in habeas corpus actions. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Thrash has set forth his claims adequately. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies Thrash's motion to appoint counsel.

Next, the court addresses respondents' motion to dismiss. In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, or bare assertions devoid of further factual enhancement. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss filed in a section 2254 proceeding "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true.'" Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (quoting Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009)). As part of a Rule 12(b)(6) motion, a court also may consider a challenge based on the one-year statute of limitations. In ruling on a motion to dismiss, the court may consider the record of the state habeas proceeding,

3

including affidavits and evidence presented in such proceedings, as well as other matters of public record. See, e.g., Walker, 589 F.3d at 139.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to the judgment of a state court must file any petition for a writ of habeas corpus within one year. See 28 U.S.C. § 2244(d)(1). Respondents contend that the petition should be dismissed as untimely. In support, respondent notes that on July 6, 1999, the North Carolina Court of Appeals affirmed Thrash's conviction. Because Thrash failed to seek further direct review, his conviction became final on August 10, 1999. Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598, 601 (M.D.N.C. 2004); see also Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008). On September 9, 1999, Thrash began state collateral proceedings. Thus, 30 days of the limitations period elapsed before the collateral proceedings began. Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327–28 (4th Cir. 2000). On March 23, 2000, state collateral review ended, and the limitations period resumed. See Hernandez, 225 F.3d at 438–39; Harris, 209 F.3d at 327. Thus, the clock then ran for another 335 days, and expired on February 21, 2001.

Thrash filed his federal habeas petition on November 24, 2009, but claims that the AEDPA's one-year limitations period is "inapplicable" to his petition. Pet. ¶ 18. Specifically, Thrash seeks equitable tolling based on several contentions raised in both his petition and in opposition to the motion to dismiss.

The AEDPA's one-year statute of limitations is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560–62 (2010). Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 in those "rare

4

instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted). However, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Thrash notes that he proceeds pro se, "with very limited knowledge of law, [and] . . . with a fifth grade reading level if that at best." Mem. Opp'n Mot. Dismiss at 1. However, unfamiliarity with the legal process, lack of representation, or even illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam).

Next, Thrash states he relied on North Carolina Prisoner Legal Services ("NCPLS") for help because NCPLS "was actually in physical possession of petitioner(s) [sic] file [for ten months] shortly after his conviction in (1998)" and never filed any motions on his behalf and "never once made a single good faith effort . . . to contact petitioner to inform him he no longer had legal representation through their org." Mem. Opp'n Mot. Dismiss at 7–8. Ten months without his file does not explain Thrash's failure to file a habeas petition for over eight years. Moreover, the alleged conduct of NCPLS does not serve as a ground for equitable tolling. See Holland, 130 S. Ct. at 2564 (a "garden variety claim" of attorney negligence is not an exceptional circumstance warranting equitable tolling).

Next, Thrash contends that various employees of the Dare County Superior Court engaged "in a twelve year conspiracy to stall, and ultimately prevent any form of relief, 'appropriate or otherwise.'" Mem. Opp'n Mot. Dismiss at 4; see also Pet. ¶ 18. Specifically, Thrash alleges that "the Clerk of Dare County Superior Court conveyed to the assistant attorney general that there is no

5

order on file denying" Thrash's MAR when in fact "said judge(s) [sic] order alledged [sic] missing, 'was infact [sic],' maliciously removed by the power(s) that be." Pet. ¶ 14; Mem. Opp'n Mot. Dismiss at 11 (emphasis removed). Thrash also alleges the clerk "still disregard[s] and ignore[s] correspondences" from him. Pet. ¶ 14. Thrash further contends that the trial judge "made sure he presided over every phase of petitioner(s) [sic] case(s) for many year(s) to be certain petitioner 'never recieved [sic] a single motion/petition decision in his favor" and was "overwhelmingly biassed [sic] and prejudiced" against Thrash due to a "'personal vendetta/conspiracy'" against Thrash. Mem. Opp'n Mot. Dismiss at 9; see also id. at 12, 14–17.[2]

As for Thrash's first contention, Thrash apparently is referring to a statement in the Attorney General's brief seeking dismissal of Thrash's appeal of his MAR, which says that the state "was informed by [Dare County] Judicial Assistant Judy Stallings that she was unable to locate a copy of a 13 January 2000 order . . . denying a Motion for Appropriate Relief." Mem. Opp'n Mot. Dismiss, Ex. H at 3 (excerpt of Mar. 21, 2000 brief). However, it is clear that Thrash had a copy of the January 13, 2000 order, given that he referenced it in his appeal. Mem. Supp. Mot. Dismiss, Ex. 7 at 1 (petition for writ of certiorari seeking "to review the Order of the Honorable Superior Court Judge Richard Parker, dated Jan 13, 2000 denying petitioner's Motion for Appropriate Relief"). Moreover, Thrash fails to explain how the judicial assistant's statement prevented him from filing this petition for over eight years. As for Thrash's conclusory and wholly unsupported allegations of judicial bias, Thrash raised this issue in his MAR and in the appeal of his MAR. See Mem. Supp.

---

[2] Thrash alleges that the trial judge had a personal bias against him and cites two things. First, the trial judge previously denied another that Thrash filed concerning a different conviction. Second, Thrash's mother had worked for the judge as a housekeeper for "many, many years" before "quitting her employment with him . . . on an extremely negative note." Mem. Opp'n Mot. Dismiss at 15 (emphasis removed), Ex. G at 2, 5 (transcript of pretrial proceeding).

6

Mot. Dismiss, Ex. 5 at 18, Ex. 7 at 27–28. Again, however, Thrash fails to explain how such alleged bias prevented him from filing this petition for over eight years.

Finally, Thrash contends he "has been diligently attempting to gather information and court documents to support his constitutional claims to this court." Pet. ¶ 14; see also Mem. Opp'n Mot. Dismiss at 11–14. Thrash, however, fails to explain what information prevented him from filing this petition for over eight years. In sum, Thrash has failed to satisfy the "extraordinary circumstances" necessary for equitable tolling.

### III.

As explained above, petitioner's motion to appoint counsel [D.E. 14] is DENIED, and respondent's motion to dismiss [D.E. 9] is GRANTED. Petitioner's application for habeas corpus relief is DISMISSED as time-barred. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c)(2). The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This 16 day of February 2011.

JAMES C. DEVER III
United States District Judge